UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X    **NOT FOR PUBLICATION**

KEITH WATERS,

                     Plaintiff,                                **MEMORANDUM AND ORDER**

        -against-                                18-cv-5452 (LDH) (LB)

JOHN/JANE DOE, Parole Commissioner;
JOHN/JANE DOE, Parole Bureau Chief;
SPO T. NOEL; P.O. MARTINEZ,

                     Defendants.
------------------------------------------------------------X

LaSHANN DeARCY HALL, United States District Judge:

On September 21, 2018, Plaintiff Keith Waters, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Compl., *1, ECF No. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, however, as set forth below, the complaint is dismissed. Plaintiff is granted thirty days leave to amend his complaint.

## BACKGROUND

Plaintiff alleges that on or about August 8, 2018, Defendant Parole Officers Martinez and Noel, imposed "a noncontact and noncommunication restriction on plaintiff related to his fifteen year old female daughter after plaintiff filed a grievance against a parole commissioner's noncontact and noncommunication restriction related to his fourteen year old daughter." (*Id.* at *5.) According to Plaintiff, "[t]here was no similar restriction imposed related to plaintiff's twelve year old son who is a sibling of plaintiff's daughters." (*Id.*) Plaintiff seeks damages and an order "rescind[ing] the noncontact and noncommunication restrictions." (*Id.* at *6.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). Upon review, the court is required to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is considered plausible on its face "when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

A court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and a *pro se* complaint should not be dismissed without granting the Plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and citations omitted). Nevertheless, "a *pro se* Plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citations omitted).

## DISCUSSION

It is well settled that parolees are subject to "restrictions not applicable to other citizens," and a parolee enjoys only "conditional liberty properly dependent on observance of special parole

restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 482, 484 (1972). Pursuant to New York law, "[a] special condition may be imposed upon a releasee either prior or subsequent to release. The releasee shall be provided with a written copy of each special condition imposed. Each special condition may be imposed by a member or members of the Board of Parole, an authorized representative of the Division of Parole, or a parole officer." N.Y. Comp. Codes R. & Regs. tit. 9, § 8003.3. "Generally, 'the imposition of conditions—whether imposed prior to or subsequent to release, by the parole board or a field parole officer—must be upheld as long as they are reasonably related to a parolee's past conduct, are not arbitrary and capricious, and are designed to deter recidivism and prevent further offenses.'" *Trisvan v Annucci*, 284 F.Supp.3d 288, 298-99 (E.D.N.Y. 2018) (quoting *Singleton v. Doe*, No. 14-CV-0303, 2014 WL 3110033, at *3 (E.D.N.Y. July 7, 2014). Plaintiff alleges that his parole conditions limiting access to his children are arbitrary, lack a legitimate penological interest and were imposed in retaliation. (Compl. at *4.) But Plaintiff fails to provide any factual allegations to support these legal conclusions. Plaintiff does not allege, for example, the nature of the crime he committed, the circumstances under which his access was limited to his fourteen-year old daughter, the circumstances under which his access was limited to his fifteen-year old daughter, or the basis for the grievance he filed against Defendants. In the absence of any factual allegations, the Court is unable to determine whether the conditions of Plaintiff's parole are related to legitimate state interests.

## CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief may be granted and is therefore dismissed. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff thirty days to amend his complaint to properly state a claim. *See, e.g.*, *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (holding that a *pro se* plaintiff should be

afforded the opportunity to amend his complaint prior to dismissal); *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (same).

Should Plaintiff choose to file an amended complaint, to avoid dismissal, the amended complaint must properly allege the violation of a constitutional right and state facts to support any such allegation. Further, Plaintiff must identify the individual defendants who are responsible for any deprivation of his constitutional rights and allege facts identifying how each defendant was personally involved in any such deprivation.

Plaintiff is advised that an amended complaint replaces the original complaint in its entirety and therefore must include all of relevant claims and factual allegations against Defendants. The new complaint should be captioned as an "Amended Complaint," and use the same docket number as this Order. If submitted, any amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. § 1915A. Should Plaintiff choose to prepare an amended complaint, Plaintiff should carefully consider this Order and amend his claims accordingly.

If Plaintiff again fail to plead sufficient facts in his amended complaint, or fails to file an amended complaint within thirty days, he will not have another opportunity to re-plead, and the Court will enter judgment. The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: March 19, 2019
Brooklyn, New York