UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KEITH WATERS,

                              Plaintiff,

              v.                                        **MEMORANDUM AND ORDER**
                                                        18-CV-5452 (LDH) (LB)
COMISSIONER DRAKE, ET AL.,

                              Defendants.

LASHANN DEARCY HALL, United States District Judge:

      Plaintiff Keith Waters, proceeding pro se, brings the instant action against Defendants

Parole Commissioner Drake, Parole Commissioner Alexander, Acting-Commissioner of the New

York State Department of Corrections and Community Supervision ("DOCCS") Anthony

Annucci, Brooklyn II Bureau Chief Raquel Welch, Senior Parole Officer T. Noel, Parole Officer

Hubert Browne, Parole Officer Martinez, and Parole Officer Bratton, pursuant to 42 U.S.C. §§

1981, 1982, and 1983 alleging violations of the First Amendment and Due Process clause of the

Fourteenth Amendment.  Defendants move pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the

Federal Rules of Civil Procedure to dismiss the complaint in its entirety.

<h2 style="text-align:center">BACKGROUND[1]</h2>

      Plaintiff has two felony convictions: the first, for aggravated assault against a police

officer in 1984; the second, for first degree robbery in 2006.  (Am. Compl. ¶ 17, ECF No. 6.)

Additionally, at some point between 2004 and 2005, a temporary order of protection was issued

against Plaintiff related to his spouse S. Waters.  (*Id*. ¶ 18.)  According to Plaintiff, the order of

---

[1] Unless otherwise noted, the following facts are taken from the amended complaint and are assumed to be true for the purposes of this memorandum and order.

protection expired prior to his 2006 conviction, on the grounds that Plaintiff did not cause "physical injury, serious physical injury, use a dangerous instrument, violate an [order of protection], [nor] had been convicted of crimes against his spouse or exposed the family members to physical injury or engaged in behaviors that demonstrated an immediate and ongoing danger to the spouse or children." (*Id.* ¶ 18.)  At all relevant times to the instant action, Plaintiff was an inmate of the New York State Department of Corrections and confined at Wallkill Correctional Facility ("Wallkill"). (*Id.* ¶¶ 2, 10.)

Prior to Plaintiff's incarceration in 2006, he had developed a strong bond with his four children. (*Id.* ¶ 20.)  During his incarceration from 2006 to 2018, Plaintiff was not prohibited from having any contact or association with his spouse or children. (*Id.* ¶ 19, 20.)  Indeed, he maintained telephone, written, and physical contact with his children. (*Id.*)  During an Article 4 and 5 Family Court Act proceeding, where DOCCS staff were present, Plaintiff and his spouse appeared before a Family Court Support Magistrate. (*Id* ¶ 21.)  During the proceedings, Plaintiff's spouse did not make any allegation she was concerned for the safety of herself or her children upon Plaintiff's release. (*Id.*)

In 2018, prior to Plaintiff's release, he was informed that a restriction of non-contact, non-association, and non-communication with his spouse and daughter, K. Waters, would be imposed against him. (*Id.* ¶ 21, 23.)  Plaintiff immediately filed a grievance related to the no-contact condition to the Grievance Committee ("the Committee"). (*Id.* ¶ 23.)  Plaintiff was informed that the impending no-contact condition was a non-grievable matter because the restriction would not take effect until his release. (*Id.* ¶ 21)  At that time, Plaintiff was also informed the restriction was imposed on all inmates with a prior history of domestic violence. (*Id.* ¶ 21.)  Plaintiff sought review of the Committee's decision, which was affirmed by the

2

Superintendent.  (*Id*. ¶ 23.)  Plaintiff further appealed to the Central Office Review Committee but was released to community supervision before a decision could be rendered.  (*Id*.)  Upon Plaintiff's March 15, 2018 release from custody, Parole Commissioners Drake and Alexander imposed a no-contact condition as to Plaintiff's spouse and daughter, K. Waters, as a condition of Plaintiff's release (the "March 2018 no-contact condition").  (*Id*. ¶ 22.)

Later, on or about July 25, 2018, Parole Officer Martinez imposed a similar no-contact condition as to Plaintiff's daughter, D. Waters (the "July 2018 no-contact condition").  (*Id.* ¶ 25.) On July 30, 2018, Plaintiff filed a successive grievance with Parole Officer Noel related to the no-contact conditions.  (*Id.* ¶ 26.)  Plaintiff received a decision on or about August 18, 2018 issued by Parole Officer Noel, that the grievance was a non-grievable matter as it was imposed by the parole board.  (*Id*.)  Defendant filed an appeal of the no-contact provisions to Brooklyn Bureau Chief Welch.  (*Id*.)  Plaintiff did not receive any acknowledgement that the appeal was received nor was a decision issued within the "required timeframe."  (*Id*.)

On September 21, 2018, Plaintiff filed a complaint in the instant action stemming from the March 2018 no-contact condition and the July 2018 no-contact condition.  (ECF No. 1.) Plaintiff filed an amended complaint on June 17, 2019 challenging the constitutionality of the no-contact conditions and resulting harms.  (ECF No. 5.)

Prior to the initiation of this action, on February 15, 2018, Plaintiff filed a complaint in the Northern District of New York (the "Northern District action") against several defendants, including Anthony Annucci, a Defendant in the instant action.  (*See* Compl., 18-cv-196, ECF No. 1.)  In that complaint, Plaintiff also challenged the constitutionality of the March 2018 no-contact condition.  (Defs.' Mot. Sum. J. Mem. L. 25, 18-cv-196, ECF No. 25.)

**DISCUSSION**

Under the first-filed rule "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 22 (2d Cir. 2018) (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722 (2d Cir. 2010) (internal quotation marks omitted)).   As has been noted by the Second Circuit, "[t]he rule embodies considerations of judicial administration and conservation of resources, and recognizes that a party who first brings an issue into a court of competent jurisdiction should be free from the vexation of concurrent litigation over the same subject matter." *Id*. (internal quotations omitted.)  Indeed, "sound judicial discretion ordinally requires that the second court decline consideration of the of the action in deference to the proceeding pending before the first court." *AEP Energy Servs. Gas Holding Co.*, 626 F.3d at 724 (internal quotation and citation omitted). Of course, the first-filed rule typically arises where a plaintiff in the first action is the defendant in the second.  *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1202 (2d Cir. 1970). However, "even when the same party is plaintiff in both actions, the instances where the second court should go forward despite the protest of a party in the first action where full justice can be done, should be rare indeed." *Id*. at 1203.

Here, Defendants argue that the first-filed rule should be applied as a basis to dismiss the case, or in the alternative, stay it pending the resolution of the Northern District action.  (Mem. L. Supp. Defs.' Mot. Dismiss ("Defs.' Mem.") 5, ECF No. 39.)  The Court agrees.  While the instant complaint includes claims not pleaded in the first action and a more expansive list of defendants, the resolution of this second instant action turns on the determination of a single question being addressed in the first action—whether the imposition of the no-contact condition

was constitutional.  In other words, there is a sufficient overlap of factual and legal issues

warranting the application of the first-filed rule.  *See Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d

Cir. 2001) (affirming dismissal of second complaint where the district court determine that "both

claims concern[ed] whether [Plaintiff] was deprived of his access to religious services, materials

and meals particular to his religion").[2]

Nonetheless, Plaintiff argues at least one recognized exception allows the court to deviate

from the rule.  Specifically, Plaintiff maintains the balance of conveniences favor departure from

the first-filed rule in favor of litigation in this Court.  (Pl.'s Opp'n 7-8.)  Certainly, there are

circumstances where such considerations appropriately warrant deviating from the first-filed

rule.  However, where, as here, a plaintiff filed both actions, the Court does not find that

Plaintiff's arguments regarding convenience outweighs the judicial economy considerations.  As

aptly stated by the Court in *Semmes*:

> It is true that if we were free to look at the situation in a vacuum, [the
> Eastern District] is a more logical forum than [the Northern District].  The
> cause of action arose here . . . and witnesses . . .  would find it more
> convenient to come to [the Eastern District] than to [the Northern District].
> However, these factors must be weighed in the setting created by [Waters]
> having initiated litigation in [the Northern District] and the likelihood that
> failure to stay the [Eastern District] action will result in litigation in two
> courts[.]

*Semmes Motors, Inc*., 429 F.2d at 1203.  Moreover, while the Court cannot assign any

motivation to Plaintiff for having filed this second action, the application of the first-filed rule to

this case serves to protect against any potential effort by Plaintiff to use this action a means to

---

[2] Plaintiff correctly notes that apart from Defendant Annuci, the two cases do not involve the same defendants. (Pl.'s Opp'n Defs.' Mot. Dismiss ("Pl.'s Opp'n") 8, ECF No. 37.)  However, this fact does not preclude the application of the first-filed rule. This Court joins other district courts in the Second Circuit in finding that the parties need not be identical.  *See, e.g., Wyler-Wittenberg v. MetLife Home Loans, Inc*., 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012) (collecting cases).  Moreover, the first-filed ruled should not be applied mechanically.  Rather, "[t]he complex problems that can arise from multiple federal filings . . . require [] that the district court consider the equities of the situation when exercising its discretion." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

forum or judge shop.  Plaintiff will have to navigate the waters of the Northern District—

favorable or otherwise—before setting sail here.  The first-filed rule applies.

Ultimately, having found the first-filed rule applies, the Court is mindful that this second

action challenges the imposition of a no-contact condition not at issue in the Northern District

action and includes Defendants not named in that suit.  Accordingly, this action is stayed.  *See*

*Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) ("The decision whether or not to stay or dismiss

a proceeding rests within a district judge's discretion.")

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for failure to state a claim is

DENIED, in part.  The action is STAYED pending resolution of the Northern District action.

The parties are directed to file a joint letter apprising the Court within forty-eight (48) hours after

Northern District action is resolved.

SO ORDERED.

Dated: Brooklyn, New York
     March 16, 2021

/s/ LDH              
LaSHANN DEARCY HALL
United States District Judge